## NELSON v WESTERN & SOUTHERN INDEMNITY CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2671.   Decided Oct 15, 1936

Carl H. Valentine, Columbus, for appellant.

C. V. Campbell, Columbus, Harry D. Beggs, and D. T. Keating, Columbus, for appellee.

## OPINION

By BARNES, PJ.

The appeal in this court is on a question

of law. In the trial court the appellant was the plaintiff and The Western & Southern Indemnity Company, defendant. Therein the trial by jury was waived and after submission the trial court found in favor of the defendant and dismissed plaintiff's petition.

Counsel for appellant in his assignment of errors claims error in the following particulars, to-wit:

(1) In the construction placed upon the policy of insurance.

(2) In admitting the evidence of the physician.

(3) That the judgment is not sustained by sufficient evidence and is contrary to law.

Plaintiff in his petition filed January 11, 1934, sought to recover the sum of $630.00 together with interest from the 31st day of August, 1933, by virtue of a policy of insurance issued to him on the 17th day of March, 1932, for a period of one year wherein was contained the provision that the company would pay sick benefits for a "disability resulting from illness or disease which is contracted and begins during the term of this policy and after it has been maintained in force for fifteen days from its date," etc.

The policy in specific terms provided for the amount of such indemnity. The petition further alleged that on the 15th day of February, 1933, and while said policy of insurance was in full force and effect plaintiff became ill to the extent that he was obliged to submit himself to an operation for the removal of a tumor and was therefore wholly and continuously disabled from performing any and every duty pertaining to his occupation for the entire period intervening from said 15th day of February, 1933, to the 24th day of July, 1933, a period of five months, nine days, etc. There is also the further allegation in the petition of the payment of premiums when due and that the policy was in full force and effect during the entire period.

Defendant's answer sets out three defenses. The trial court found in favor of the defendant on the second defense, which is herein set forth in full:

"SECOND DEFENSE.

"Defendant for a second defense says that the said policy of insurance insured plaintiff herein against '(2) Disability resulting from illness or disease which is contracted and begins during the term of this policy and after it has been maintained in force for fifteen days from its date.'

"That the disability alleged to have been sustained by plaintiff and set forth in his petition resulted from an operation for the cure of an illness and the removal of a diseased condition known as a Retro-Peritoneal Tumor; that the said illness and disease existed in the body of plaintiff herein on March 17, 1932, at the time the said policy of insurance became effective and had existed in the body of plaintiff prior thereto and was not contracted and did not begin during the term of this policy and was not contracted and did not begin after the said policy had been maintained in force for fifteen days from date."

The evidence is uncontradicted that on the 15th day of February, 1933, plaintiff was admitted to Mt. Carmel Hospital in Columbus, Ohio, and therein submitted himself to an operation for the removal of a tumor described as being about the size of a grapefruit.

The evidence is supporting as to plaintiff's claim as to his disability both as to character and time following the operation.

It was the determination of the trial court that the tumor was present in the body of the plaintiff prior to the issuing of the policy of insurance; that thereby there existed a diseased condition of the plaintiff prior to the issuing of the policy, and that under the terms of the policy the disability following the operation was not included.

In addition to the transcript of docket and journal entries, pleadings and record we have the benefit of what we consider a very able opinion of the trial court. It is our conclusion that he has properly construed the policy and the evidence supports his finding and judgment.

It would serve no useful purpose in restating the law which we think supports the trial court's construction of the policy. Suffice it to say that we have carefully examined the authorities cited and also read and re-read the record.

We find no error in the admission of evidence as complained of in the second assignment of error. It is correct that the trial court was in error in assuming that Dr. R. W. Hoffman was a physician of the plaintiff. The fact is that Dr. Hoffman was a pathologist connected with Mt. Carmel Hospital and thereby was just as much a disinterested witness as it was possible to be. Objection as to the hospital record referred to by Dr. Hoffman is not well founded for the reason that according to the testimony this record was made by the witness himself.

Even if it might be determined that Dr. Hoffman was in any sense a physician of the plaintiff, the evidence under the state of the record would not be privileged.

Referring to the third ground of error which goes to the question of the weight of. the evidence, we have no hesitation in saying that the finding and judgment can not be disturbed on this ground.

The judgment of the trial court will be sustained and entries may be drawn accordingly.

Costs will be adjudged against appellant. Exceptions are allowed the appellant.

'HORNBECK and BODEY, JJ, concur.