### STEIGER v COCA COLA BOTTLING COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17081. Decided May 29, 1939

Martin A. Rini, Esq., Cleveland and John F. Choffey, Esq., Cleveland, for plaintiff-appellee.

Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, for defendant-appellant.

216

## OPINION

By MORGAN, J.

The liability in this case was admitted by the defendant appellant. It contends however that the case should be reversed because of error in the admission in evidence against defendant's objection of certain hospital records.

The evidence discloses that plaintiff, following the injury, was removed to Huron Road Hospital where he remained one hundred and twenty-six (126) days. As hearing on the nature and extent of his injuries, the plaintiff offered and there was received in evidence, graphic charts kept by the hospital showing the temperature, pulse and respiration of the plaintiff during his stay in the hospital, and other hospital records as to the plaintiff's condition, and showing the medication and treatment in the case.

The trial judge carefully limited the records permitted to be introduced in evidence to statements of fact and excluded all opinions and diagnosis.

A staff physician of Huron Road Hospital testified that the rules of the hospital required the keeping of these charts and records, and also required that each nurse write in person the records of each patient in her charge. He identified the charts and the records of the plaintiff at the hospital, and testified that they were duly kept according to the hospital rules, and that the hospital is approved by the American College of Surgery which makes an annual inspection of the hospital, especially of the manner in which the charts and records are made and kept. He further testified that these charts and records are relied on by the hospital in diagnosing the progress of patients and in determining the treatment of each case.

The evidence discloses that there were four special nurses assigned to the plaintiff at different times. Two of the nurses were called as witnesses at the trial. They testified that they wrote the records from their own observations while on duty and that the records are accurate, and to be relied upon.

Upon this showing, the trial judge admits the graphs and records, including those made by the nurses who were not called as witnesses as to facts set forth in the graphs, and records, excluding opinions and diagnosis.

The cases on this question are collected in the note in 75 A. L. R. 378, and are in conflict. As pointed out in the said note, some of the cases refusing to admit hospital records as evidence did so because the proper foundation had' not been laid. Some other cases refused to admit this evidence because the subject matter was not admissible, and it is clear that incompetent evidence cannot be made competent by setting it forth in hospital records.

In the case of **Pickering v Peskind, 43 Oh Ap 401,** the court said:

"4. Hospital records kept in regular and usual course of business held admissible on question of age of plaintiff who had been patient."

In this case, the trial court admitted the records of two hospitals as to the age of the plaintiff which were based upon statements alleged to have been made by the plaintiff as to her age on entering the hospitals previously.

The court cited as authority, **Leonard Jr. v State, 100 Oh St 456,** and admitted the evidence on the analogy of the "shop book" exception to the hearsay rule. Motion to certify in this case was overruled on June 4, 1930. **43 Oh Ap XLVI.**

This question was considered recently by the Court of Appeals of the First District of Ohio in **Kellogg Sr. et, appellees v Industrial Commission of Ohio, appellant,** reported in **Ohio Bar Reports, February 13, 1939, page 22.** Pargraph 5 of the syllabus reads as follows:

"5. A hospital record satisfies the requirements of necessity and trustworthiness which formed the basis for

the exceptions to the hearsay rule, and is admissible in evidence."

A good statement of the principle on which the proper foundation being laid, such evidence is admissible, is found in Wigmore On Evidence, Volume 3, (2nd Edition), Sec. 1702:

"In a few narrow and usually well defined classes of cases, recognition has been given, by way of exception to the Hearsay Rule, to certain commercial and professional lists, registers and reports. Their admissibility in some instances is placed upon judicial principle, in others arises solely from statutory innovation; but in most of the classes statute has carried out hints originally given judicially.

The necessity (ante Sec. 1421) in all of these cases lies in part on the usual inaccessibility of the authors, compilers, or publishers in other jurisdictions; but chiefly in the great practical inconvenience that would be caused if the law required the summoning of each individual whose personal knowledge has gone to make up the final result. The necessity, therefore, is of the sort that is recognized in the preceding two exceptions, i. e., a practical inconvenience existing generally for the statements as a class; and hence it is not required that the death, insanity, absence from jurisdiction, or the·like, of the author shall be shown before the statement can be used.

The circumstantial guarantee of trustworthiness (ante Sec. 1422) is found in the considerations that these lists, registers, reports, etc., are prepared for the use of the trade or profession, and are therefore habitually made with such care and accuracy as will lead them to be relied upon for commercial and professional purposes. There is a subjective test of worthiness in that the author knows beforehand that his work will have no commercial or professional market unless it is found to have usual accuracy, and that its inaccuracies will probably be discovered; and, further· in that there is ordinarily no motive to deceive. There

is an objective test, in that the habitual use of the work by the trade or profession has tested its usual and practical accuracy and has sanctioned its trustworthiness. Thus, the chief considerations which are recognized as the source of trustworthiness for the other exceptions (ante, Sec. 1422) are found to exist here also. Upon some such reasons may easily be justified the admission of standard price-lists, of printed reports of judicial decisions, of deed-abstracts and of sundry publications such as speed-registers, pedigree-registers and the like, now to be considered."

This principle included hospital records. Wigmore On Evidence, Volume 3, (2nd Edition) Sec. 1707.

Counsel for the defendant appellant admits in argument that the same graphs and records of a public hospital such as Cleveland City Hospital would be admissible in evidence in a similar case under the public document exception the hearsay rule. It will hardly be contended that such records are any more truthworthy than similar records of a well conducted private hospital.

As these records are relied upon as testified by a staff physician of the hospital, in determining the treatment of the patient where conceivably his life might depend upon the accuracy of the records, it would seem that they are sufficiently worthy of credence to be admitted in evidence in a court of law, if, as is the case, entries made by a bookkeeper from slips furnished by a salesman or a truck driver, will be admitted in evidence under the "shop book" exception to the hearsay rule, it would seem clear that entries of facts made by a nurse attending a physician based on her own observations, and knowledge, are at least equally trustworthy and should be admitted.

The judgment of the Common Pleas Court is therefore affirmed. Exceptions.

LIEGHLEY, J., concurs in judgment.

TERRELL, PJ., Dissents for the reason that the writings made by the hos-

pital nurse on the hosptal chart, of the condition and the medication of the patient are hearsay evidence and are not admissible under the so-called "shop book" rule exception, or other exception.