## BOWERS v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3049. Decided Sept. 20, 1939

B. B. Bridge, Columbus, for appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; David B. Sharp, Asst. Prosecuting Attorney, Columbus; Edmond B. Paxton, Asst. Prosecuting Attorney, Columbus, for appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This proceeding originated before the Industrial Commission of Ohio on plaintiff's application for compensation. The claim was disallowed by the Commission on jurisdictional grounds and on rehearing was again disallowed for the same reason.

An appeal was taken to the Court of Common Pleas and therein a jury returned a verdict in favor of the defendant. The necessary steps were taken whereby the cause was lodged in this Court.

Claimant was admittedly injured in an industrial accident on February 28, 1926. In due time thereafter claim for compensation was filed and allowed and payments made thereafter for some considerable time.

At a later date claimant filed application for modification of award asking for compensation on account of blindness claimed to be occasioned by the previous industrial accident.

Counsel for claimant set out three assignments of error as follows:

"1. The trial court erred in admitting certain evidence offered by the Industrial Commission.

"2. The trial court erred in the general charge to the jury.

"3. The verdict of the jury was against the manifest weight of the evidence."

The only evidence presented by the Industrial Commission was one witness, Dr. J. Edwin Brown. This evidence was introduced over objection, plaintiff claiming that the same was privileged under the provisions of §11494, GC.

It was the claim of the Commission that claimant's failure of eyesight was due to purblindness existing in 1908 when claimant was a mere boy and attending the State School for the Blind. At that time Dr. Brown held a position with the institution and at the beginning of each year examined each new applicant for admittance to the institution. The then applicable law relative to the then Ohio Institution for the Education of the Blind located at Columbus, Ohio, is found in §664-1 to §670, inclusive, Revised Statutes.

Under the provisions of this law applicants were not admitted for purposes of treatment but wholly for purposes of education. Considering Dr. Brown's testimony in its entirety together with the above-numbered sections of the Revised Statutes it can not be said that the status of physician and patient was present. In the absence of evidence to the contrary an inference would arise that the examination was for the purpose of determining the eligibility of applicant for admission to this blind school.

We recognize the principle announced in the case of **Lamorand v National Life & Accident Insurance Company** decided December 13, 1937, in the Court of Appeals, Lucas County, Ohio, and reported in **Vol. 58, Oh Ap 415.** In principle this case in effect announces the physician-patient privilege applies to the relationship between a physician and patient in a public hospital.

A contrary opinion was announced by the Court of Appeals of Cuyahoga County in the case of **Wills Sr., Admr. v National Life & Accident Insurance Company, 28 Oh Ap 497.**

In a proper case we would be inclined to follow the later decision which we find to be in line with the great weight of authority in other jurisdictions. However, we do not think the case in point for the reason that in the instant case plaintiff was not in a hospital or other institution for treatment but was being admitted in an institution for the blind for the purpose of receiving an education.

Furthermore, under the statement of record, even if Dr. Brown's examination was privileged under the provisions of §11494, GC, we are of the opinion that the privilege was waived by reason of plaintiff having voluntarily testified in direct examination in detail to the condition of his eyes prior to the industrial accident in 1926. In addition to his own testimony that he had never had any eye trouble prior to the accident in 1926 he called other witnesses to corroborate this claim. The case of **Baker, Appellee v Industrial Commission of Ohio, 135 Oh St 491,** is in point and determinative of this question. Syllabus 2 reads as follows:

"2. Where a patient voluntarily testifies that his right leg was free from boils and scaly condition before a certain injury but that thereafter it was all swollen up, sore and scabby, and that he was sent to a certain physician, a skin specialist, for treatment, there is a waiver in respect to the condition of his right leg and the physician may therefore testify on that subject."

The case of **Hartman v Vine, 132 Oh St 1,** had also been read in connection with the later Supreme Court decisions.

The opinions were written by the same judge in both cases

We find no error under Assignment No. 1.

The second assignment of error questions the correctness of the trial court's charge to the jury. Counsel for appellant makes the claim that the trial court should have charged on the question of acceleration of a pre-existing trouble.

The plaintiff neither in his petition nor in his evidence presented any testimony of any pre-existing eye trouble. On the contrary, plaintiff testified that he never had any trouble with his

eyes prior to the industrial accident in 1926. He denied that application was ever made for his admission to the blind school or that Dr. Brown ever examined him for admission. He further evidenced that he was a catcher on the ball team and never had any trouble with his eyes. Other witnesses were called to testify in corroboration of his claim. No mention whatever of weak eyes was presented through plaintiff or his witnesses with this possible exception. Dr. R. W. Nosker was called as an expert witness; while the date of his examination of the plaintiff is not given it is inferable that he made his examination for the purpose of testifying. A hypothetical question was propounded containing facts previously testified to but containing nothing as to any eye weakness prior to the accident in 1926. Dr. Nosker on page 32 of the record gave the following answer:

"That the blow in the head and face aggravated a pre-existing—possibly a pre-existing trouble from childhood resulted in the loss of vision, and the condition could have disturbed the internal ear or auditory nerve, to the point of destroying the hearing in the right ear, completely and loss of 40 per cent in the left ear."

The doctor's testimony as to a possible pre-existing trouble was purely voluntary and not called for in the hypothetical question.

Counsel for the Industrial Commission raise the further question that even if the Court could have appropriately charged on the question of acceleration yet they urge that under the state of the record it constitutes no more than an error of omission and not prejudicial in view of the fact that counsel for the plaintiff made no request for a charge on the theory of acceleration. Counsel for the State also make the claim that the charge of the court was broad enough to include acceleration although not specifically mentioned as such.

We are of the opinion that under the existing conditions Assignment No. 2 is not well grounded.

The 3rd and last assignment of error makes the claim that the verdict of the jury is against the manifest weight of the evidence. The record presents the usual conflict of testimony. It is highly probable that plaintiff prejudiced his case in positive statements that he always had good eyes until the time of his industrial injury; denial of his being admitted to the School for the Blind and later equivocations by stating that he wouldn't stay in the institution but ran away. In view of the marked conflict in the medical testimony and the permissible conclusion that plaintiff as a boy had weak eyes and was in the State Institution for the Blind we are unable to say that the jury were not warranted in returning its verdict for the defendant.

Finding no prejudicial error the judgment of the trial court will be sustained at appellant's cost.

Entry may be presented accordingly.

HORNBECK, PJ., concurs in judgment. GEIGER, J., concurs.