**LUMPKIN, Appellant v. METROPOLITAN LIFE INSURANCE CO., Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6485.   Decided February 19, 1945.

Falk & Paul, Cincinnati, for appellant.
Harry E. Marbe, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, in favor of the defendant. Trial was to the Court without a jury.

The plaintiff is the beneficiary in a policy of insurance upon her daughter, who died May 28th, 1943. The policy was issued October 12th, 1942. The cause of the death of the insured according to the proof of death was myocarditis. The policy contains the following clause:

"When policy is Incontestable and When Voidable. This Policy shall be incontestable after it has been in force during the lifetime of the Insured for a period of one year from its date of issue, except for nonpayment of premiums.

"Subject to the foregoing provision, if within two years prior to the date of issue of this Policy, the Insured has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the Policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this Policy shall be voidable by the Company either before or after any claim, unless reference to such institutional, hospital, medical, or surgical treatment or attention is endorsed on this Policy by the Company provided, however, that this Policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this Policy."

The defendant for defense set out the quoted provision in the policy, and alleged that within two years prior to the date of the issue of the policy the insured had received hospital and medical treatment and attention and that it had not been shown that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk.

It appears from the entries in a report of the General Hospital in Cincinnati, a public hospital, that the insured had

been in such hospital many times during the two years preceding the date when the policy was issued. It also appears that she was suffering from and was treated in such hospital for acute diabetes. There is no evidence that such disease "was not of a serious nature." There was evidence that "it may be mild and it may be severe."

1. The stipulation upon which the defendant relied is in the policy. The defendant does not reply upon a fraudulent answer to an interrogatory in the application and §9391 GC (R.S. 3025) has no application. Metropolitan Life Ins. Co. v Howle, 62 Oh St 204; Aetna Life Ins. Co. v Dorney, 68 Oh St 151, 158; 29 A. L. R. 658.

Complaint is made that the provisions of §11494 GC, were violated in that the hospital records were admitted in evidence and hospital physicians permitted to testify as to treatment of the insured.

2. Such record is admissible under the provisions of §12102-23 GC. In Dickson, an infant, v Gastl, 64 Oh Ap 346, this Court held the statute inapplicable in support of a hospital record "because it is limited by its terms to such entries as the custodian testifies were made" at or near the time of the act, condition or event." The situation in the Dickson case does not apply in the instant case. The entries here were on the whole applicable to the condition of the insured at the date of the entry in the record. The entries in the instant case were not mere self-serving declarations, made to a hospital attendant as was also the case in the Dickson case. The records were properly admitted in evidence and it is presumed the court excluded such portions thereof in its consideration of the case as were incompetent and irrelevant.

In Kellogg v Industrial Commission of Ohio, 60 Oh Ap 22, 27, this Court sustained the competency of such a hospital record. This case was decided June 6th, 1938. Sec. 12,102-23 GC, became effective September 6, 1939, and was, of course, therefore, not considered by this Court in the Kellogg case.

In Schmitt v Doehler Die Casting Co., 143 Oh St 421, this statute is construed, and limited in its application to exclude entries in such records which amount to no more than self-serving declarations. The evidence in the instant case has no such fault.

The case of Eikenberry v McFall, 33 Abs 525, holding contrary to the rule here pronounced is noted and will require certification of this case to the Supreme Court.

3. Complaint is also made that a hospital physician was permitted to testify as to the physical condition of insured and her treatment. Even if such testimony could be consid-

ered as including confidential communications, it was admissible for the reason that such physician was an employe of a public hospital and did not bear the relation of a private physician personally employed by the insured. Her contractual relation was with the hospital and not with its physician. This distinction has been noted in **Dewert v Cincinnati Milling Machine Co., 38 O L R 318.** See also: **Wills, Sr. v Nat'l Life & Accident Ins. Co., 28 Oh Ap 497; Nelson v Western & Southern Indemnity Co., 23 Abs 117, 118.**

In **Bowers v Industrial Commission, 30 Abs 353,** the Court stated a preference for the opinion of this Court in **Wills, Sr., v Nat'l Life & Accident Ins. Co., 28 Oh Ap 497,** as against the contrary conclusion in **Lamorand v Nat'l Life & Accident Ins. Co., 58 Oh Ap 415.** In the opinion (**30 Abs p. 354**) it is stated:

"We recognize the principle announced in the case of Lamorand v National Life & Accident Insurance Company decided December 13, 1937, in the Court of Appeals, Lucas County, Ohio, and reported in **Vol. 58 Ohio Ap. 415.** In Principle this case in effect announces the physician-patient privilege applies to the relationship between a physician and patient in a public hospital.

"A contrary opinion was announced by the Court of Appeals of Cuyahoga County in the case of **Wills, Sr., Admr. v National Life & Accident Insurance Company, 38 Oh Ap 497.**

"In a proper case we would be inclined to follow the later decision which we find to be in line with the great weight of authority in other jurisdictions."

There seems to be no logical reason for departing from the previously expressed opinion of this court, nor for distinguishing the admissible record of the hospital made from the physician's diagnosis and treatment from his testimony upon the same matters, especially as is the case here, where the memory of the physician is refreshed from the admissible record. Again, being in conflict with the judgment of another Court of Appeals, certification is necessary.

Complaint is also made that the application was admitted in evidence. No prejudice to the appellant appears from such admission. Its relevancy to the issues presented, however, does not appear. The defendant did not rely upon the application, but upon the policy. Upon the entire record, it conclusively appears that the insured had been in a public hospital many times within the two years immediately preceding her receipt of the policy; that she failed to divulge such

232

information to the insurer, and that her beneficiary has failed to show that the diseases for which she received treatment were not of a serious character. Such being the case, the terms of the police contract definitely apply and prohibit any recovery, other than the tendered premiums paid.

The judgment is affirmed.

In view of the conflict with the cases of **Eikenberry v McFall, 33 Abs 525, and Lamorand v National Life & Accident Ins. Co., 58 Oh Ap 415,** the case is certified to the Supreme Court.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in the Syllabi & Opinion.