Zimmerman, J.
 

 The plaintiff offered three witnesses, herself and two others. Taken as a whole, their testimony was to the effect that in 1941 the insured went to a hospital several times for checkups and treatment; that following an operation in the late nineteen thirties she took care of her own house, performed general housework for others regularly by the day and was constantly engaged in activities of the church in which she was interested.
 

 Defendant called as a witness the record clerk of the Cincinnati General Hospital, who testified from the hospital records that from October 17, 1940, to October 31, 1941, the insured had called at the hospital for treatment 27 times. According to these records, such treatments were for a condition due to menopause, for a skin ailment and for diabetes. Such records were introduced in evidence over plaintiff’s objection.
 

 Defendant also called a physician who was director of the out-patient dispensary of the Cincinnati General Hospital. He testified, over objection, that after October 12,1940, he treated the insured at the hospital,
 
 *28
 
 for diabetes. Refreshing his memory from the notes he had made on the records, the doctor stated that the insured was also suffering from hypotension (low blood pressure), hypothyroidism (deficient functional activity of the thyroid gland) and obesity (overweight) .
 

 Section 12102-23, General Code, a part of the Uniform Evidence Act, recites:
 

 “A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the- regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. ’ ’
 

 On this appeal, it seems to be the principal contention of the plaintiff that despite the quoted statute prejudicial error intervened by allowing the admission in evidence of the hospital records and the testimony of the physician who treated the insured at the hospital, because they embraced and included privileged communications between a patient and her physician, and their admission constituted a direct violation of Section 11494, General Code, relating to privileged' communications.
 

 Although the Court of Appeals did make the general statement in its written opinion that the hospital records were properly admitted and did hold that if the testimony of the physician “could be considered as including confidential communications, it was admissible for the reason that such physician was an employee of a public hospital and did not bear the relation of a private physician personally employed by the insured,” no language of that sort appeared in the
 
 *29
 
 court’s judgment entry of affirmance, which states simply that “the court finds no error apparent in the record and proceedings.”
 

 In our view of this case it is neither necessary nor proper to pass on plaintiff’s contention outlined above.
 

 Under the plain and unambiguous language of the insurance policy it was incumbent on the plaintiff, in order to collect the face amount of the policy, to show that the condition occasioning the insured’s hospital treatment was not of a serious nature or was not material to the risk. The testimony offered by plaintiff, coupled with the evidence introduced by the defendant, failed to prove the necessary elements entitling plaintiff to succeed in her action.
 

 It its judgment entry the trial court said:
 

 “* * * the court finds on the issues joined, that the insured had within two years before the issue of the policy sued on herein, received hospital and medical treatment and attention, no reference to which was endorsed on the policy nor disclosed in the written application therefor, and that the plaintiff has failed to prove that such treatment and attention was not of a serious nature or not material to the risk, and that therefore plaintiff is not entitled to recover the face amount of the policy, but only the amount of the premiums paid in the sum of five dollars and twenty-five cents; * *
 

 As we see it, that is a correct determination on the record, and the judgment of affirmance by the Court of Appeals was proper.
 

 The judgment of the Court of Appeals is, therefore, affirmed.
 

 Juclgment affirmed.
 

 Weygandt, C. J., Williams, Turner, Matthias and Hart, JJ., concur.