WILLIAMS, PLAINTIFF-APPELLEE, *v.* UNITED INSURANCE COMPANY OF AMERICA, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4160.   Decided April 25, 1961.

*Mr. Nathaniel R. Jones,* for plaintiff-appellee.
*Messrs. Harrington, Huxley & Smith,* for defendant-appellant.

BROWN, P. J.  This action was brought by Rebecca Williams as the widow of Johnny Williams and the beneficiary of a life insurance policy issued by the defendant-appellant.

The policy in question contained a provision in the following language:—

"Preliminary Provisions—If the insured is not alive on the date of this policy, or within two years prior to said date

has been rejected for life insurance by this or any other insurer, or has received institutional hospital, medical, or surgical treatment or attention, and the insured or any claimant under this policy fails to show that the condition occasioning such treatment or attenion was not of a serious nature, or was not material to the risk, this policy shall, subject to the clause entitled 'Incontestability,' be voidable by the Company either before or after any claim, unless reference to such treatment or attention, or such prior rejection, is endorsed on this policy by the Company.; provided, however, that this policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this policy. If this policy is voided by the Company, the Company's liability shall be limited to an amount equivalent to all premiums paid, without interest."

At the trial that plaintiff-appellee testified as to the issuance of the policy and the death of her husband. Plaintiff-appellee then rested.

The defendant introduced as evidence hospital records showing that the decedent had been hospitalized on three separate occasions within the two years prior to the date of issuance of the policy, and then rested.

Thereupon the plaintiff in rebuttal called Dr. F. W. Dunlea, the attending physician on the occasion of these admissions to the hospitals who testified as to the nature of the conditions leading to the three hospitalizations of the plaintiff's decedent.

The substance of the doctor's testimony was that on the occasion of each admission at the hospital the symptoms were severe abdominal pain. The doctor further testified that on each occasion these symptoms subsided so that no extensive treatment or drastic surgery was required. The doctor further testified that his diagnosis on each occasion was mild gall bladder disease.

However, after the death of the decedent on April 27, 1958, an autopsy was performed which showed a normal gall bladder.

Doctor Dunlea when questioned on this, at pages 53 and 54 of the record, commented as follows:—

"Q. And again your diagnosis, doctor, was the same as on the earlier admission?

"A. Same, yes. This second St. Elizabeths admission we also repeated the gall bladder x-rays and if I recall, they also state there is still evidence of mild gall bladder pathology.

"The Court: That was your diagnosis both times?

"The Witness: Yes.

"The Court: But as it turned out later, that was wrong?

"The Witness: Apparently so, yes."

The doctor arrived at this conclusion as the result of the findings of the gross autopsy showing a gall bladder which was not diseased.

We are in agreement with the counsel for the appellant who states that the case of *Lumpkin* v. *Metropolitan Life Insurance Company*, 146 Ohio St., 25, states the rule with regard to the duty of the plaintiff in this matter to maintain the burden of showing that the hospitalization which occurred within two years prior to the issuance date of the policy was and is a condition which was not of a serious nature.

We have carefully examined the charge of the court and find that he discharged his duty in instructing the jury as to the law of that case.

We disagree with the appellant in his conclusion that upon the evidence he was entitled to a directed verdict. There was evidence in the record to go to the jury upon the testimony of Dr. Dunlea and in the hospital record itself upon which reasonable minds might differ as to whether or not the illness for which the decedent was here hospitalized was of a serious nature.

The provision of this policy, and of similar policies leaves open to interpretation the meaning of the words "serious illness."

Where reasonable minds could arrive at different conclusions under all the evidence we feel the question was one for the jury, and was here properly submitted.

We feel that the verdict of the jury in favor of the plaintiff-appellee should not be disturbed in view of the foregoing. For this reason the judgment of the Court of Common Pleas is affirmed.

DONAHUE and GRIFFITH, JJ., concur.